Reuben D. Nathan, Esq. (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast, Suite 200
Newport Beach, California 92663
TEL:   (949) 270-2798

Matthew Righetti, Esq. State Bar No. 121012
John Glugoski, Esq. State Bar No. 191551
**RIGHETTI GLUGOSKI, P.C.**
2001 Union Street, Suite 400
San Francisco, CA  94123
Telephone: (415) 983-0900
Email: matt@righettilaw.com
Email: jglugoski@righettilaw.com

Attorneys for Plaintiff, DARREN RYAN and the
Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN RYAN an individual on behalf of himself and all others similarly situated,<br><br>PLAINTIFF<br><br>v.<br><br>STARCO BRANDS, INC.<br><br><br><br><br><br>DEFENDANTS. | Case No. 5:24-cv-00642-SVK<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

COMES NOW PLAINTIFF, DARREN RYAN, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff DARREN RYAN ("Plaintiff") brings this action on behalf of himself, and all others similarly situated against Defendant STARCO BRANDS, INC.

The allegations in this complaint, other than those with respect to Plaintiff Darren Ryan, are stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1.      Plaintiff, DARREN RYAN ("Plaintiff") files this class action lawsuit on behalf of himself and all similarly situated persons, who purchased Whip Shot Products branded by Starco Brands Inc. ("Defendant").

2.      Plaintiff brings this action on behalf of himself and both a Nationwide proposed class of Whip Shot purchasers and two sub-classes of Whip Shot purchasers (New York and California) ("Class Members") for violations of 1) California Consumer Legal Remedies Act, 2) California False Advertising Law, 3) Fraud, 4) California Unfair Competition Law, 5) New York Deceptive Acts or Practices Law, and 6) New York False Advertising Law.

## PARTIES

3.      Plaintiff, DARREN RYAN ("Plaintiff") is a citizen of California, who resides in San Jose, California.

4.      Plaintiff altered his financial position in an amount equal to the amount he paid for Defendant's Products.

5.      Defendant STARCO BRANDS, INC. is a Nevada corporation with its principal place of business in Santa Monica, California.

6.      Defendant's Products contain false and misleading claims that are the subject of the instant lawsuit. Defendant is the owner, manufacturer, packager, and/or a distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products that claims the Products are "Dairy-Free."

**SECOND AMENDED CLASS ACTION COMPLAINT**

7.     Defendant STARCO BRANDS, INC.  shall be referred to as "Defendant" or "STARCO BRANDS."

8.     On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the Defendant directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. Defendant's officers, directors, and high-level employees caused Defendant's Products to be sold with knowledge or reckless disregard that the statements and representations concerning Defendant's Products were false and misleading.

9.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

10.     Pursuant to Code of Civil Procedure section 410.10, this Court has jurisdiction over the defendants because each defendant is a person or business entity that is a resident or business entity that is established, incorporated and/or has sufficient minimum contacts with the State of California so far as to render exercise of jurisdiction over the Defendant consistent with traditional notions of fair play and substantial justice.

11.     Venue is proper in this Court because the complaints giving rise occurred in this jurisdiction, Defendant filed a Notice of Removal and Plaintiff filed a motion to remand, which was denied.

## FACTUAL BACKGROUND

12.     Plaintiff, DARREN RYAN purchased the Products (as herein defined below) from retail stores located in San Jose California in or about December 2022 and Westchester County New York in or about March 2023.

13.     Defendant owns, manages, operates and promotes the product produced under the brand "Whip Shots" which is a product sold in retail stores throughout the United States.  Defendant manufactures, distributes and advertises several "Whip Shots" products that are promoted by Defendant as "Dairy-Free." Defendant falsely promotes, advertises, and markets "Whip Shots"

**SECOND AMENDED CLASS ACTION COMPLAINT**

1   products as "Dairy-Free," thereby claiming that the "Whip Shots" products contain no dairy/milk

2   and/or dairy/milk derivative.

3        14.   Defendant manufactures, produces, and markets "Whip Shots" products sold

4   throughout the United States. Defendant claims the Products are "Dairy-Free," which means the

5   Products contain no dairy/milk derivative.  In fact, the "Whip Shots" products contain dairy/milk

6   allergen.  On September 20, 2023, Plaintiff commissioned testing of the Whip Shots Products as a

7   part of his precomplaint investigation to determine whether the Products contain milk allergens. The

8   Certificate of Analysis (COA) issued by Certified Laboratories reveals that Whip Shots detected

9   positive for milk allergens. Upon reviewing the results of the testing, Plaintiff learned that

10  Defendant's representations do not conform to the composition of the Products or that Defendant

11  knew the labeling was false. Examples of testing results from Certified Laboratories is attached as

12  "Exhibit A" to this Second Amended Complaint. Before being removed to federal court, Plaintiff's

13  original complaint in this action was filed in California State court on November 13, 2023.

14       15.   Defendant's website (whipshots.com/pages/faq) states that it sells Whip Shots in the

15  following states:  Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho,

16  Illinois, Indiana, Kansas, Kentucky, Louisiana, Maryland, Missouri, Nebraska, Nevada, New

17  Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon,

18  Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, Wisconsin.

19  On information and belief, Plaintiff believes that Whip Shots are now sold in all 50 states.

20       16.   Examples of the line of "Whip Shots" products that are the subject of this lawsuit

21  include:

22                    •   Lime

23                    •   Vanilla

24                    •   Caramel

25                    •   Mocha

26                    •   Pumpkin Spice

27             (hereinafter referred to as the "Products")

28  //

4

**SECOND AMENDED CLASS ACTION COMPLAINT**

17.     Defendant prominently advertises and displays "Dairy-Free" on its Products. Defendant enhances its marketing and advertising labeling statements by prominently displaying the words "Dairy-Free" in a larger font than other letters or words on the Products.  Throughout all of Defendant's advertising and representations, Plaintiff understood these representations "Dairy-Free" to mean that Products did not contain any milk allergen.  Plaintiff purchased the Products at a substantial price premium and would not have bought the Products had he known that the labeling he relied on was false, misleading, deceptive, and unfair. Plaintiff would purchase the Products again in the future if Defendant changed the composition of the Products to match the Product advertising or for the labeling to match the composition.

18.     The FDA expects there to be no milk allergen in the product if the product bears the "dairy-free" or similar claim. C.F.R. §101.65(b)(1).

19.     Defendant knew that Plaintiff and consumers would/will pay more for a product labeled "Dairy-Free." Defendant intended to deceive Plaintiff and putative Class Members by labeling the Products as "Dairy-Free.".

20.     During conversations between Plaintiff and Defendant through their respective counsel in December 2023, Defendant claimed that it changed the composition of the Products to conform to its labeling and the labeling to conform to the composition.  Neither of Defendant's statements are true. As of 2024, Defendant continues to sell Products with labeling that does not conform to its representations or which composition does not conform to the labeling.  In fact, based on Plaintiff's counsel investigation, as of May 9, 2024, Defendant continues to sell Products that do not conform to the representations set forth on its labels.  Plaintiff is unable to know which of Defendant's Products conform or do not conform to the law, therefore injunctive relief is necessary and appropriate to prevent consumers who rely on Defendant's labels from being harmed by unanticipated adverse internal and/or potential skin reaction because Defendant's conduct is ongoing and continuing and the threat of imminent harm to uninformed consumers is imminent and substantial.  Plaintiff and Class Members would purchase the Products again in the future if Defendant changed the composition of the Products to match the Product advertising or for the labeling to match the composition.

**SECOND AMENDED CLASS ACTION COMPLAINT**

21.     The phrase "Dairy-Free" as it relates to these Products is misleading to a reasonable consumer because the Products in fact contain milk allergens. Plaintiff read and relied on Defendant's representations, statements, and warranties that the Products are "Dairy-Free," which caused him to purchase the Products.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

22.     In addition to asserting class claims, Plaintiff asserts claims on behalf of Class Members pursuant to *California Business & Professions Code § 17200, et seq.* The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting Defendant's Products as "Dairy-Free," which requires disgorgement of all profits and/or restoration of monies (restitution) wrongfully obtained through Defendant's unfair and deceptive business practices.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23(b)(2), 23(b)(3) and 23(c)(4).

24.     The following Classes that Plaintiff seeks to represent are:

a.  All persons residing in the United States who purchased the Products for personal, family, or household use and not for resale during the class period ("Nationwide Class");

b.  All persons residing in the State of California who purchased the Products for personal, family, or household use and not for resale during the class period ("California Sub-Class" or "California Class");

c.  All persons residing in the State of New York who purchased the Products for personal, family, or household use and not for resale during the class period. ("New York Sub-Class" or "New York Class");

(collectively referred to as the "Class" or "Class Members").

25.     The Class comprises many thousands of persons throughout the United States and California and New York, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class is sufficiently numerous, because,

**SECOND AMENDED CLASS ACTION COMPLAINT**

according to Defendant's website, millions of units of the Products have been sold in the United States and State of California and the State of New York during the time period December 4, 2018, through the present (the "Class Period").

26.     There is a well-defined community of interest in this litigation and the class is easily ascertainable:

    a.  <u>Numerosity</u>:  The members of the class are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiff believes the Class and Sub-Classes exceed hundreds of thousands of individuals.

    b.  <u>Typicality</u>:  Plaintiff is qualified to and will fairly and adequately protect the interests of each member of the class with whom he has a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the Class.

    c.  <u>Adequacy</u>:  Plaintiff does not have a conflict with the Class and is qualified to and will fairly and adequately protect the interests of each member of the Class with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiff acknowledges that he has an obligation to the Court to make known any relationship, conflict, or differences with any member.  Plaintiff's attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

    d.  <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

27.     There exist common questions of law and fact that predominate over questions that may affect individual Class Members. Common questions of law and fact include, but are not limited to, the following:

    a.  Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

//

**SECOND AMENDED CLASS ACTION COMPLAINT**

b.  Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

c.  Whether Defendant made false and misleading representations in their advertising and packaging of the Products;

d.  Whether Defendant knew or should have known that the representations were false;

e.  Whether Defendant represented that the Products have characteristics, benefits, uses, or quantities which the Products do not have;

f.  Whether Defendant's representations regarding the Products are false;

g.  Whether Defendant warrantied the Products;

h.  Whether Defendant breached the express warranties it made on its Products;

i.  Whether Defendant's committed statutory and common law fraud in selling its Products; and

j.  Whether Defendant's conduct in selling its Products is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

k.  Whether Plaintiff is entitled to injunctive relief.

28.    Plaintiff's claims are typical of the claims of the Class Members, and Plaintiff will fairly and adequately represent and protect their interests. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

29.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations, statements, and advertising. Indeed, Plaintiff purchased the Product(s) based on Defendant's representations and statements contained on it. Plaintiff relied on Defendant's representations and would not have purchased the Product(s) if he had known that the Product(s) did not have the characteristics, ingredients, uses, benefits, or quantities as represented by Defendant.

//

//

8

**SECOND AMENDED CLASS ACTION COMPLAINT**

30.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class Members to prosecute their claims individually.

31.     The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

32.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

33.     Absent a class action, Defendant will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class Members' claims, few, if any Class Members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class Members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains. Defendants will continue to engage in the unlawful conduct and/or false advertising causing harm to Plaintiff and putative Class Members unless the Court issues injunctive relief.

34.     Excluded from the class are Defendant in this action, any entity in which Defendant has a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendant.

35.     Were it not for this class action, most Class Members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

36.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

## FIRST CAUSE OF ACTION

### Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.

*(By Plaintiff and Proposed California Class against Defendant)*

37.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38.     Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d) and the Products are a "good" as defined by Cal. Civ. Code § 1761(a).

39.     The California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as advertised". Defendant's claims that the Products are "Dairy-Free" are misleading since they contain milk allergens. Cal. Civ. Code §§ 1770(a)(5), (7), and (9). Plaintiff conducted the necessary precomplaint investigation to confirm Defendant's representations do not conform to its labeling or Defendant knew that the labeling is false.

40.     Defendant's ongoing, deliberate manipulation and ongoing misconduct violates the following subsections of Cal. Civ. Code §1770(a) in these respects:

a.     Defendant's acts and practices constitute misrepresentations concerning characteristics, benefits or uses of the Products;

b.     Defendant misrepresented that the Products are of a particular standard, quality and/or grade, when they are of another;

c.     Defendant's acts and practices described herein constitute the advertisement of Defendant's Products without the intent to sell them as advertised;

//

d.    Defendant's acts and practices constitute representations that Defendant's Products have been supplied in accordance with previous representations when it has not.

41.    Plaintiff and the proposed California Class Members suffered injuries caused by Defendant because they would not have purchased Defendant's Products if the true facts were known concerning its false and misleading statements and representations regarding its "Dairy-Free" claims.

42.    On or about October 30, 2023, prior to filing this action, a notice letter was served on Defendant.  Plaintiff served the letter on Defendant advising Defendant that it is in violation of the CLRA, demanding remedies for Plaintiff and California Class Members pursuant to California Civil Code §1782(a).

43.    Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of himself and the Proposed California Class, seeks injunctive relief, compensatory damages, punitive damages, restitution of any ill-gotten gains due to Defendant's acts and practices, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### Violation Of California Business & Professions Code §§17500, et seq.

*(Plaintiff and Proposed California Class against Defendant)*

44.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.    Pursuant to California Business & Professions Code §§ 17500, et seq., it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

46.    Defendant committed acts of false advertising, as defined by §17500, by making claims that the Products are "Dairy-Free", which are misleading based on the fact that they contain milk allergens. Plaintiff conducted the necessary precomplaint investigation to confirm Defendant's

representations do not conform to its labeling or Defendant knew that the labeling is false and misleading.

47.    Defendant knew or should have known, through the exercise of reasonable care that Defendant's representations and statements that its Products are "Dairy-Free" were/are false, untrue and misleading to Plaintiff and Class Members.

48.    Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

49.    Plaintiff and the Proposed California Class lost money or property as a result of Defendant's false advertising violations, because Plaintiff and Proposed California Class would not have purchased Defendant's Products if the true facts were known concerning its quality and contents.

50.    Plaintiff is unable to know which of Defendant's Products conform or do not conform to the law, therefore injunctive relief is necessary and appropriate to prevent consumers who rely on Defendant's labels from being harmed by unanticipated adverse internal and/or potential skin reaction because Defendant's conduct is ongoing and continuing and the threat of imminent harm to uninformed consumers is imminent and substantial.  Plaintiff and Class Members would purchase the Products again in the future if Defendant changed the composition of the Products to match the Product advertising or for the labeling to match the composition.

51.    Damages alone are an inadequate legal remedy incapable of addressing the future harm to Plaintiff, putative Class Members, and the general public.  Defendant continues to advertise and sell Products with false and misleading advertising or Products that do not conform to the labeling.

52.    Plaintiff and Proposed California Class paid a premium for Defendant's Products due to their reliance on Defendant's good faith and reputation and upon Defendant's promises and representations.

53.    Plaintiff and Class Members seek restitution, disgorgement, and injunctive relief.

//

//

**SECOND AMENDED CLASS ACTION COMPLAINT**

**THIRD CAUSE OF ACTION**

**Common Law Fraud**

*(Plaintiff and Proposed Nationwide Class against Defendant)*

54.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.    Plaintiff brings this claim individually and on behalf of the proposed Nationwide Class Members against Defendant.  Plaintiff purchased the Products that are the subject of this complaint from 2022-2023 at retail stores located in Santa Clara County and Westchester. Prior to purchasing the Products, Plaintiff saw and read the product packaging and relied on the representation and warranty that the Products are "Dairy-Free."  Plaintiff was ignorant and understood these representations to mean that Products did not contain milk allergens.  Plaintiff purchased the Products at a substantial price premium and would not have bought the Products had he known that the labeling he relied on was false, misleading, deceptive and unfair. Plaintiff commissioned precomplaint testing of the Products to determine whether the Products contain milk allergens. The independent third-party testing confirmed the presence of milk allergens in the Products; therefore, the composition of the Products do not conform to the representations or Defendant knew of the falsity of the "Dairy-Free" representations. Defendant's "Dairy-Free" statement is misleading because a reasonable consumer would believe that "Dairy-Free" means that it is free of milk allergens and the reasonable consumer would not know that the Products contained milk allergens.  As a result of the purchasing the Products that do not conform to their representations, Plaintiff and Class Members have lost time and money. Plaintiff and Class Members would purchase the Products again in the future if Defendant changed the composition of the Products to match the Product advertising or for the labeling to match the composition.

56.    As discussed above, Defendant provided Plaintiff and Nationwide Class Members with false or misleading material information and failed to disclose material facts about Defendant's Products.

57.    Defendant misrepresented the "Dairy-Free" claims related to the Products.

//

**SECOND AMENDED CLASS ACTION COMPLAINT**

58.     Defendant made these misrepresentations and/or omissions with knowledge of their falsehood.

59.     The misrepresentations and/or omissions made by Defendant, upon which Plaintiff and Nationwide Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase Defendant's Products.

60.     The fraudulent actions of Defendant caused damage to Plaintiff and Nationwide Class Members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

## **FOURTH CAUSE OF ACTION**

### **Violation California Business & Professions Code §§ 17200, et seq.**

*(By Plaintiff and Proposed California Class against Defendant)*

61.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62.     Plaintiff brings this claim individually and on behalf of the proposed Sub-Class against Defendant.   Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

63.     Plaintiff and Class Members have relied on Defendant's representations, statements, and claims concerning their Products that have resulted in injury to Plaintiff and Class Members that could have been avoided.   Plaintiff and Class Members would not have purchased the Products and not been subject to losses incurred directly caused by Defendant as a result of their untrue, misleading, and/or false statements, representations, and/or claims.   Plaintiff and Class Members would purchase the Products again in the future if Defendant changed the composition of the Products to match the Product advertising or for the labeling to match the composition.

64.     Defendant has/had knowledge that its "Dairy-Free" claims are false or misleading as a result the Products contain milk allergens.

//

14

**SECOND AMENDED CLASS ACTION COMPLAINT**

<u>Unlawful Acts and/or Practices</u>

65.     A violation of any law also constitutes an unlawful business practice pursuant to California Business and Professions Code §17200, et seq.

66.     Defendant violated the UCL as a result of violating False Advertising Law ("FAL"), California Business and Professions Code §§17500, et seq., and The Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code §§1750, et seq., as herein referenced in the preceding First through the Fourth Causes of Action.

67.     Defendant's conduct violates section 5 of the Federal Trade Commission ("FTC") Acts, 15 U.S.C. §45 ("FTC"), which prevents unfair methods of competition and unfair and deceptive acts and/or practices affecting commerce.  In the same manner, Defendant violated FAL and CLRA by representing the Products are "Dairy-Free," Defendant has also violated section 5 of the Federal Trade Commission ("FTC") Acts, 15 U.S.C. §45, as a result of the fact the Products contain milk allergen.

68.     Defendant's conduct also violates Cal. Health & Safety Code §111765 ("H&S") which prohibits the sale of misbranded cosmetic items. The Products are misbranded because Defendant claims that the Products are "Dairy-Free" when they contain milk allergens.

69.     As a result of violating FAL, CLRA, FTC, and H&S, Defendant has engaged in unlawful business acts or practices and therefore violated California Business and Professions Code §17200, et seq.

<u>Unfair Acts and/or Practices</u>

70.     Defendant's acts or practices are oppressive, unethical, immoral, unfair conduct to consumers constitutes and violated established policies. Defendant's representations and claims that the Products are "Dairy-Free" when they contain milk allergens are false and untrue.

71.     Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant conduct constitutes an unfair violation because Defendant conduct is unethical, unscrupulous, and injurious to consumers given the false and

misleading labeling. The harm is substantial given significant false claims and representations, which caused harm to the Plaintiff and Class Members.

72.    Defendant has specific knowledge that its claims that the Products are "Dairy-Free" and that its "Dairy-Free" statements and representations are false and misleading but continued to market the Defendant's Products with the intent of misleading and making substantial profits.

73.    Defendant's conduct is also unfair given the huge profits derived from the sale of the Defendant's Products at the expense of consumers, as a result of the false and misleading advertising claims.  Defendant has engaged and continues to engage in conduct that violates established policies of FAL, CLRA, Health & Safety Code, Fraud, Commercial Code, which have allowed Defendant to gain an unfair advantage over its competitors whose advertising and representations comply with the law.

<u>Fraudulent Acts and/or Practices</u>

74.    Defendant violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about "Dairy-Free" claims relating to its Products, as described herein this complaint, which are likely to deceive reasonable consumers and the public.

75.    Plaintiff and the Proposed California Class lost money or property as a result of Defendant's UCL violations because they would not have purchased Defendant's Products or paid the premium price, if the true facts were known concerning its false representations and claims.

76.    Defendant's business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state.  Further, any justification for Defendant's wrongful conduct is outweighed by the adverse effects.

77.    Plaintiff and the Proposed California Class could not reasonably avoid the harm caused by Defendant's wrongful practices. Assuming, *arguendo*, that Defendant's practices are not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be-tethered to the public policies expressed therein. Thus, Defendant engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

//

**SECOND AMENDED CLASS ACTION COMPLAINT**

78.     Plaintiff is unable to know which of Defendant's Products conform or do not conform to the law, therefore injunctive relief is necessary and appropriate to prevent consumers who rely on Defendant's labels from being harmed by unanticipated adverse internal and skin reaction because Defendant's conduct is ongoing and continuing and the threat of imminent harm to uninformed consumers is imminent and substantial.  Plaintiff and Class Members would purchase the Products again in the future if Defendant changed the composition of the Products to match the Product advertising or for the labeling to match the composition.

79.     Damages alone are an inadequate legal remedy incapable of addressing the future harm to Plaintiff, putative Class Members and the general public.  Defendant continues to advertise and sell Products with false and misleading advertising or Products that do not conform to the labeling.

80.     Plaintiff and the Proposed California Class are entitled to restitution, disgorgement, and injunctive relief.

## FIFTH CAUSE OF ACTION

**Violation of GBL - Deceptive Acts or Practices, New York Gen. Bus. Law § 349)**

*(By Plaintiff and Proposed New York Class against Defendant)*

81.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

82.     Plaintiff Darren Ryan brings this claim individually and on behalf of the New York Subclass against Defendant.

83.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that the Products are "Dairy-Free" when, in fact, the Products contain ingredients with milk allergens.

84.     The foregoing deceptive acts and practices were directed at consumers.

85.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of the Products to induce consumers to purchase the same.

//

**SECOND AMENDED CLASS ACTION COMPLAINT**

86.     Plaintiff Darren Ryan and New York Subclass members were injured as a direct and proximate result of Defendant's violations because (a) they would not have purchased Defendant's Products had they known the products were not "Dairy-Free", (b) they overpaid for the Products because they are sold at a price premium when compared to similar products that do not contain these misrepresentations, and (c) the Products did not have the characteristics, uses, or benefits as promised, namely that they were "Dairy-Free."

87.     As a result, Plaintiff Darren Ryan and Class Members of the New York Subclass have been damaged either in the full amount of the purchase price of the Product(s) or in the difference in value between the Products as warranted and the Products as actually sold.

88.     On behalf of himself and other members of the New York Subclass, Plaintiff Darren Ryan seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of False Advertising, New York Gen. Bus. Law § 350

*(By Plaintiff and Proposed New York Class against Defendant)*

89.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

90.     Plaintiff brings this claim individually and on behalf of the members of the proposed New York Subclass.

91.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that the Products were "Dairy-Free" when, in fact, they contain ingredients that contain milk allergen.

92.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

93.     This misrepresentation has resulted in consumer injury or harm to the public interest.

94.     Plaintiff Darren Ryan and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Product

**SECOND AMENDED CLASS ACTION COMPLAINT**

knowing it was not "Dairy-Free" and contained milk allergens (b) they overpaid for the Products because they are sold at a price premium when compared to similar products that do not contain these misrepresentations, and (c) the Products did not have the characteristics, uses, or benefits as promised, namely that they were "Dairy-Free." As a result, Plaintiff Ryan and Class Members of the New York Subclass have been damaged either in the full amount of the purchase price of the Products or in the difference in value between the Product as warranted and the Products as actually sold.

95.     On behalf of himself and other members of the New York Subclass, Plaintiff Ryan seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Nationwide Class, the New York Subclass and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiff as the representative of the Nationwide Class and New York and California Subclasses and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclasses;

c. For an order declaring the Defendant's conduct violates the statutes and laws referenced herein;

d. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclasses on all counts asserted herein;

e. For all statutory damages available;

f. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

g. For prejudgment interest on all amounts awarded;

h. For an order of restitution and all other forms of equitable monetary relief;

19

**SECOND AMENDED CLASS ACTION COMPLAINT**

i.  For injunctive relief as pleaded or as the Court may deem proper;

j.  For an order awarding Plaintiff, the Nationwide Class, the California Subclass and the New York Subclass reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: May 10, 2024                                    **NATHAN & ASSOCIATES, APC**

By:   */s/ Reuben D. Nathan*
Reuben D. Nathan,
Attorney for Plaintiff,
DARREN RYAN

**SECOND AMENDED CLASS ACTION COMPLAINT**

# EXHIBIT A

(Testing results from Certified Laboratories)

**SECOND AMENDED CLASS ACTION COMPLAINT**



# Certificate of Analysis (COA)

**ABC Testing - 1169 Warner Ave, Tustin, CA, 92780 Phone:714-259-0384**

| | |
|---|---|
| **Report Number:** | **23-490830** |
| **Report Date     :** | **10/04/2023** |

**Customer\* :**  **Nathan & Associates**

**Contact\* :**  Reuben Nathan
2907 W. Coast Hwy
#200
Newport Beach, CA, 92663

**Samples Received :**  09/20/2023
**Start of Testing :**  09/20/2023
**PO Number :**

**Phone\* :**  310-890-1237

**Sample Name :**  WHIP SHOTS

**Item # :**                                              **Lot # :**  MOCHA
**Lab # :**  **001**

| Test Code | Analysis - Method | Result | Spec |
|---|---|---|---|
| MAL05 | Milk Allergen Screen SOP 3.14.64 | **Detected** | |

---

**Sample Temperature Upon Receipt  :**

---

**Remarks  :**

---

**ABC Testing is accredited to the ISO/IEC
17025:2017 standard and specializes in the testing of
botanical ingredients, dietary supplements, and
foods. ABC is not an FDA drug registered facility,
therefore any data or results provided by ABC are
not intended to fulfill any requirements under the
drug cGMPs dictated in 21 CFR Parts 210 and 211.**

**All results contained in the above report relate only
to the items tested. All samples received in
satisfactory condition unless noted otherwise. \*The
indicated information has been provided by the
client to ABC Testing.**

**For Questions or Comments Contact :**
**Katerina Baldwin**
**714-259-0384 or**
**Katerina.Baldwin@abctestinginc.com**

---

**First  Approval By : Andrew Lam**

**Signature  :**

**Second Approval By : Tony Pham**

**Signature :**



# Certificate of Analysis (COA)

**ABC Testing - 1169 Warner Ave, Tustin, CA, 92780 Phone:714-259-0384**

**Report Number:**     **23-490832**
**Report Date**     :     **10/04/2023**

| | |
|---|---|
| **Customer\* :**    **Nathan & Associates** | |
| **Contact\* :**    **Reuben Nathan** | |
|      **2907 W. Coast Hwy** | **Samples Received :**    **09/20/2023** |
|      **#200** | **Start of Testing :**    **09/20/2023** |
|      **Newport Beach, CA, 92663** | **PO Number :** |
| **Phone\* :**    **310-890-1237** | |

**Sample Name :**     **WHIP SHOTS**

**Item # :**                                     **Lot # :**    **VANILLA**
**Lab # :**     **001**

| Test Code | Analysis - Method | Result | Spec |
|---|---|---|---|
| MAL05 | Milk Allergen Screen SOP 3.14.64 | **Detected** | |

**Sample Temperature Upon Receipt :**

**Remarks :**

**ABC Testing is accredited to the ISO/IEC 17025:2017 standard and specializes in the testing of botanical ingredients, dietary supplements, and foods. ABC is not an FDA drug registered facility, therefore any data or results provided by ABC are not intended to fulfill any requirements under the drug cGMPs dictated in 21 CFR Parts 210 and 211.**

**All results contained in the above report relate only to the items tested. All samples received in satisfactory condition unless noted otherwise. \*The indicated information has been provided by the client to ABC Testing.**

**For Questions or Comments Contact :**
**Katerina Baldwin**
**714-259-0384 or**
**Katerina.Baldwin@abctestinginc.com**

**First  Approval By : Andrew Lam**                            **Second Approval By : Tony Pham**

**Signature :**    *Andrew Lam*                            **Signature :**    *Tony Pham*